## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**SIDNEY PARK,**

**Plaintiff,**

-vs-                                                    **Case No.  6:06-cv-882-Orl-22JGG**

**AMERICAN SERVICES OF CENTRAL
FLORIDA, INC.,**

**Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION TO DISMISS CASE AND APPROVAL OF SETTLEMENT (Doc. No. 27)** |
| **FILED:** | **January 2, 2007** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED** without prejudice.

Plaintiff Sidney Park sued Defendant American Services of Central Florida, Inc. for violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 216(b) ("FLSA"), for allegedly failing to pay him overtime wages.  The parties filed a Report Regarding Settlement on November 16, 2006.  Docket 21.  The Honorable Anne C. Conway referred the matter to the undersigned for issuance of a Report and Recommendation as to whether the settlement is a fair and reasonable resolution of a bona fide dispute.

On November 20, 2006, this Court issued an order on November 20, 2006.  The order required in pertinent part:

> On or before January 2, 2007, the parties are ordered to file either a joint statement stating that Plaintiff received full compensation on his FLSA claim and no compromise was involved, or a joint motion to approve the settlement. If a motion is filed, the motion must address the fairness of the settlement and the reasonableness of the attorneys' fees. Further, the parties shall attach to the motion a copy of the fully executed settlement agreement and a detailed statement of plaintiff's attorneys' fees and costs.

Docket 26 at 2.  On January 2, 2007, the parties filed their Joint Motion for Approval of Settlement. Docket 27.   Noting several deficiencies with the filing, the Court issued another order on January 4, 2007, that required: (1) additional information regarding the fairness of the compromise (e.g., the amount Plaintiff claimed he was owed and the alleged strengths or weaknesses of the case); (2) re-filing of the settlement agreement; (3) filing all documents that comprise the settlement agreement, including the release; (4) a better explanation of the agreement to pay attorneys' fees; and (5) the reasonableness of Plaintiff's counsel's claim to double compensation.  Docket 28.

The parties re-filed the settlement agreement and filed the release as ordered.  Plaintiff's counsel responded to the issue of his fees, explaining that his client knowingly and voluntarily consented to paying a 40% contingency if Plaintiff recovered liquidated damages.  Neither party provided any information for the Court to assess the fairness of the compromise.

## I.   THE LAW

### A.   Approval of Settlements

Congress enacted the FLSA to protect workers from low wages and long hours that can result from the inequality in bargaining power between employers and employees.  The FLSA, therefore,

provides that "[a]ny employer who violates the provisions of section 206 or 207 of this title shall be liable to the employee . . . affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be. . . ." 29 U.S.C. §216(b).  The FLSA's provisions are mandatory and, except in two narrow circumstances generally are not subject to bargaining, waiver, or modification by contract or settlement.  *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). The two circumstances in which FLSA claims may be compromised are claims that are 1.) supervised by the Secretary of Labor pursuant to 29 U.S.C. § 216(c) and 2.) when a court reviews and approves a settlement in a private action for back wages under 29 U.S.C. § 216(b).  *Lynn's Food Stores, Inc. v. United States, U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982).

Before the Court may approve the settlement, it must scrutinize the settlement to determine whether it is a fair and reasonable resolution of a bona fide dispute.  *Id.* at 1354-55.  If a settlement in an employee FLSA suit reflects "a reasonable compromise over issues," such as FLSA coverage or computation of back wages that are "actually in dispute," the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.  Where the employer offers the plaintiff full compensation on his FLSA claim, no compromise is involved and judicial approval is not required.  *MacKenzie v. Kindred Hosp. East, L.L.C.*, 276 F. Supp. 2d 1211, 1217 (M.D. Fla. 2003).

In determining whether the settlement is a fair and reasonable resolution, the Court adopts the factors used in approving the settlement of class actions:

> (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel.

See  Leverso v. SouthTrust Bank of Ala., Nat. Assoc., 18 F.3d 1527, 1531 n.6 (11th Cir. 1994).  When considering these factors, the Court should keep in mind the "strong presumption" in favor of finding a settlement fair.  Cotton v. Hinton, 559 F.2d 1326, 1331 (5th Cir.1977).   Moreover, the Court is aware, as the parties must also be, that a "settlement is a compromise, a yielding of the highest hopes in exchange for certainty and resolution." In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig., 55 F.3d 768, 806 (3d Cir.1995), citing Cotton, 559 F.2d at 1330.

### B.      Awards of Reasonable Attorneys' Fees and Costs

An award of "reasonable attorneys' fee[s] . . . and costs" is mandatory under § 216(b) if the employer is held liable.  Although the court is obligated to award the attorneys' fees, Congress's use of the word "reasonable" confers discretion upon the court to determine the amount of fees to be awarded.  In determining the reasonableness of attorneys' fees pursuant to a fee-shifting statute, the lodestar generally is recognized as a reasonable fee.  City of Burlington v. Dague, 505 U.S. 557, 562 (1992).[1]

Even a contested request for attorneys' fees "should not result in a second major litigation." Hensley v. Eckerhart, 461 U.S. 424, 437 (1983).  The party seeking attorneys' fees bears the initial burden of submitting adequate documentation of the hours reasonably expended and of the attorney's qualifications and skill.  See id. at 433, 437.   Further, fee counsel must "supply the court with specific and detailed evidence from which the court can determine the reasonable hourly rate."  Norman v. Housing Auth. of Montgomery, 836 F.2d 1292, 1303 (11th Cir.1988).  Satisfactory evidence of the

---

[1] The lodestar is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. A reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation."  Norman v. Housing Auth. of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir.1988).

prevailing market rate "at a minimum is more than the affidavit of the attorney performing the work," and must address rates actually billed and paid in similar lawsuits. *Id.* at 1299. Where the documentation is inadequate, the district court must still determine a reasonable fee, which it may do without further pleadings or an evidentiary hearing. *Id*. at 1303. This is because the court itself is an expert on the question and "may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Id*. (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)).

In collective FLSA actions, the court has a duty to determine the reasonableness of the proposed attorneys' fees as part of the fairness determination. *See, e.g., Strong v. BellSouth Telecomms., Inc.*, 137 F.3d 844, 849-50 (5th Cir. 1998). This makes sense, as most settlements of collective actions involve a lump sum settlement with an amount to be deducted for attorneys' fees. In such cases, it is necessary for the court to evaluate the overall fairness of the settlement and the benefit to the plaintiffs.

The FLSA does not require the same level of scrutiny as to the fairness of an agreed payment of attorneys' fees in settling an individual action. Indeed, the purpose of the fairness review is to ensure that an employer does not take advantage of an employee in settling his claim for wages, and not to ensure that the employee does not overcharge the employer. *See Lynn's Food Stores*, 679 F.2d at 1354. In an individual FLSA claim, where separate amounts are set forth for the payments of unpaid wages and payments for attorneys fees, the Court has greater flexibility in exercising its discretion in determining the reasonableness of the attorneys' fee. The Court takes judicial notice of Judge Conway's order in *Perez v. Nationwide Protective Services*, Case 6:05-cv-328-ORL-22JGG (October 31, 2005), where she ruled that "[t]he Court notes that it has an obligation to ascertain the

reasonableness of any attorney fee award.  However, an in depth analysis is not necessary unless the unreasonableness is apparent from the face of the documents."

The award of costs is made in accordance with 28 U.S.C. § 1920.  *Goss v. Killian Oaks House of Learning*, 248 F. Supp. 2d 1162, 1169 (S.D. Fla. 2003).  In an FLSA action, it is error for a district court to award costs in excess of those permitted by § 1920.  *Glenn v. Gen. Motors Corp.*, 841 F.2d 1567 (11th Cir. 1988) (district court erred in awarding expert witness fees under §216(b) that exceeded the amount allowed by § 1920).  Likewise, a district court must identify reasons for denying costs to a prevailing party so that the appellate court has some basis to review whether the district court acted within its discretionary power. *Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995).

## II.    APPLICATION

Plaintiff's answers to the Court's interrogatories state that he claimed unpaid overtime in the amount of $18,216, exclusive of liquidated damages and attorneys' fees.  Docket 13 at 2.  The settlement provides Plaintiff with $7,000 for his unpaid overtime claim, and $7,000 in liquidated damages.  From the settlement agreement before the mediator [Docket No. 29-2], it appears that Plaintiff is to receive $14,000 and Plaintiff's counsel is to receive $6,000.  But Plaintiff's counsel argues that he is entitled to an additional $2,800 out of Plaintiff's $14,000 share due to an earlier contingency fee agreement, which has not been provided to the Court.  Thus, despite a settlement agreement calling for a $14,000 (plaintiff) / $6,000 (counsel) split, counsel intends an actual split of $11,200 (plaintiff) and $8,800 (counsel).

The parties' motion for approval of the settlement fails to provide the Court with sufficient information to assess the fairness of this settlement.  When the parties were given a second opportunity to provide such information, no information was forthcoming.

Plaintiff's counsel may be charging his client a "clearly excessive fee" in violation of Rule 4-1.5 of the Florida Rules of Professional Conduct.  Counsel fails to explain why the fee sought in settlement and the additional deduction of fees from Plaintiff's portion of the settlement pursuant to the contingency fee agreement, is not overreaching.  On January 2, 2007, Plaintiff's counsel submitted an itemized statement of fees and costs for services through October 31, 2006, claiming $6,921.50 in fees and $387.82 in costs, for a total of $7,309.32.  Docket 27-2.  It seems that Plaintiff's counsel thought this a reasonable fee.  By receiving payment in settlement from Defendant and from his client, Plaintiff's counsel is receiving total compensation of $8,800, an amount that exceeds both the fee statement and the amount of attorneys' fees agreed in the settlement.

This is not a situation in which counsel charged only the difference between the billing statement ($7,309.32) and the amount Defendant paid ($6,000).  As the Court previously noted, Plaintiff's counsel's billing statement was itself inflated by using a billing rate of $350 per hour, a rate that exceeds the reasonable market rate for this type of work in the Orlando area.  See Docket 28 at 2.  Plaintiff's counsel, however, seeks nearly $1,500 in excess of his billing statement, and fails to respond adequately to this Court's order to explain.  Plaintiff's counsel's fee in this case is unwarranted.

For the foregoing reasons, the Court **RECOMMENDS** that the parties' joint motion to approve the settlement be denied without prejudice.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on January 23, 2007.

JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

The Honorable Anne C. Conway
Counsel of Record