# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**SIDNEY PARK,**

            **Plaintiff,**

**-vs-**                                **Case No. 6:06-cv-882-Orl-22UAM**

**AMERICAN SERVICES OF CENTRAL FLORIDA, INC.,**

            **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration on May 7, 2007, on the following motion:

> **MOTION:** **AMENDED MOTION TO APPROVE SETTLEMENT (Doc. No. 37)**
>
> **FILED:** April 12, 2007
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part.

Plaintiff Sidney Park sued Defendant American Services of Central Florida, Inc. for violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 216(b) ("FLSA"), for allegedly failing to pay him overtime wages. On January 2, 2007, the parties filed a joint motion to dismiss the case and approve the parties' settlement. Docket 27. The settlement agreement, which was signed by Plaintiff's counsel, provided Plaintiff was to receive $14,000 in total payments and Plaintiff's counsel was to receive $6,000. Plaintiff's counsel argued that he was entitled to an additional $2,800 out of Plaintiff's $14,000 share due to an earlier contingency fee agreement. In support of the motion,

Plaintiff's counsel filed an itemized billing statement, which reflected attorneys' fees in the amount of $6,921.50, with Plaintiff's counsel billing at the rate of $350 per hour. Docket 27-2.

The Honorable James G. Glazebrook recommended that the motion be denied without prejudice because the parties failed to provide the Court with sufficient information to assess the fairness of the settlement. Docket 31. Judge Glazebrook also noted the discrepancy between the lodestar calculation of fees and the amount to be paid pursuant to the settlement agreement, and expressed concern that recovery of a 40% contingency fee from Plaintiff in this case may constitute a "clearly excessive fee" in violation of Rule 4-1.5 of the Florida Rules of Professional Conduct. Docket 31 at 6-7. The Honorable Anne C. Conway adopted Judge Glazebrook's recommendation and denied the parties' motion to approve the settlement. Docket 33.

Currently pending before the Court is the parties' amended motion to approve the settlement. Docket 37. The amended motion stated that the parties had reached an "amended settlement agreement," but the parties did not file an amended agreement. Docket 37 at 3; Docket 39. At the hearing held on May 7, 2007, counsel explained that the only written settlement agreement was the agreement previously submitted at Docket 29-2. Pursuant to the settlement agreement, Defendant agreed to pay a total sum of $20,000 in exchange for dismissal of the case and a general release of Plaintiff's claims. Docket 29-2. The "amendment" to the agreement was simply a change in the allocation of monies to be paid to Plaintiff and his attorney. Pursuant to the settlement agreement, Plaintiff would receive $7,000 in liquidated damages (in addition to other payments), and his attorney would receive $6,000 for attorneys' fees and costs. Docket 29-2. Pursuant to the "amendment," Plaintiff would receive $4,612.18 in liquidated damages and his attorney would receive $8,387.82. Docket 37 at 3.

At one point, Plaintiff's counsel described the contingency contract as pertaining to damages if awarded or paid through settlement, and "if there was no recovery of liquidated damages, there would have been no contingency fees. . . ." Docket 30 at 1. At the hearing, however, Plaintiff's counsel stated that the fee calculation was based on a "standard 40% contingency fee agreement." Plaintiff's counsel never presented the contingency fee agreement to the Court, so the Court is uncertain about the agreement's exact terms. Based on the amended motion, the Court deduces that the contingency fee was calculated by multiplying the total amount recovered (not merely the recovery of liquidated damages) by 40% and adding all costs to that figure. See Docket 37 at 3-4. Plaintiff's counsel stated at the hearing that he did not intend to overreach in his fees and that he would be willing to reduce his fees if the Court determined that his fees were unreasonable.

**I.   THE LAW**

  **A.   Approval of Settlements**

Congress enacted the FLSA to protect workers from low wages and long hours that can result from the inequality in bargaining power between employers and employees. The FLSA, therefore, provides that "[a]ny employer who violates the provisions of section 206 or 207 of this title shall be liable to the employee . . . affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be. . . ." 29 U.S.C. §216(b). The FLSA's provisions are mandatory and, except in two narrow circumstances generally are not subject to bargaining, waiver, or modification by contract or settlement. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). The two circumstances in which FLSA claims may be compromised are claims that are 1.) supervised by the Secretary of Labor pursuant to 29 U.S.C. § 216(c) and 2.) when a court reviews and approves

a settlement in a private action for back wages under 29 U.S.C. § 216(b). *Lynn's Food Stores, Inc. v. United States, U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982).

Before the Court may approve the settlement, it must scrutinize the settlement to determine whether it is a fair and reasonable resolution of a bona fide dispute. *Id.* at 1354-55. If a settlement in an employee FLSA suit reflects "a reasonable compromise over issues," such as FLSA coverage or computation of back wages that are "actually in dispute," the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id*. at 1354. Where the employer offers the plaintiff full compensation on his FLSA claim, no compromise is involved and judicial approval is not required. *MacKenzie v. Kindred Hosp. East, L.L.C.*, 276 F. Supp. 2d 1211, 1217 (M.D. Fla. 2003).

In determining whether the settlement is a fair and reasonable resolution, the Court adopts the factors used in approving the settlement of class actions:

> (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel.

*See Leverso v. SouthTrust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). When considering these factors, the Court should keep in mind the "strong presumption" in favor of finding a settlement fair. *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977). Moreover, the Court is mindful that a "settlement is a compromise, a yielding of the highest hopes in exchange for certainty and resolution." *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 806 (3d Cir.1995), *citing Cotton*, 559 F.2d at 1330.

### B. Awards of Reasonable Attorneys' Fees and Costs

#### 1. Calculation of Reasonable Fees and Costs

An award of "reasonable attorneys' fee[s] . . . and costs" is mandatory under § 216(b) if the employer is held liable. Although the court is obligated to award the attorneys' fees, Congress's use of the word "reasonable" confers discretion upon the court to determine the amount of fees to be awarded. In determining the reasonableness of attorneys' fees pursuant to a fee-shifting statute, the lodestar generally is recognized as a reasonable fee. *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992).[1]

Even a contested request for attorneys' fees "should not result in a second major litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The party seeking attorneys' fees bears the initial burden of submitting adequate documentation of the hours reasonably expended and of the attorney's qualifications and skill. *See id.* at 433, 437. Further, fee counsel must "supply the court with specific and detailed evidence from which the court can determine the reasonable hourly rate." *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1303 (11th Cir.1988). Satisfactory evidence of the prevailing market rate "at a minimum is more than the affidavit of the attorney performing the work," and must address rates actually billed and paid in similar lawsuits. *Id.* at 1299. Where the documentation is inadequate, the district court must still determine a reasonable fee, which it may do without further pleadings or an evidentiary hearing. *Id.* at 1303. This is because the court itself is an expert on the question and "may consider its own knowledge and experience concerning reasonable

---

[1] The lodestar is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. A reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir.1988).

and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Id*. (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)).

The award of costs is made in accordance with 28 U.S.C. § 1920. *Goss v. Killian Oaks House of Learning*, 248 F. Supp. 2d 1162, 1169 (S.D. Fla. 2003). In an FLSA action, it is error for a district court to award costs in excess of those permitted by § 1920. *Glenn v. Gen. Motors Corp.*, 841 F.2d 1567 (11th Cir. 1988) (district court erred in awarding expert witness fees under § 216(b) that exceeded the amount allowed by § 1920). Likewise, a district court must identify reasons for denying costs to a prevailing party so that the appellate court has some basis to review whether the district court acted within its discretionary power. *Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995).

### 2. Plaintiff's Promise to Pay a Contingency Fee to his Attorney

Plaintiff's counsel provided no legal authority that he is entitled to receive a 40% contingency fee for his work in this case. The Court's own research found no precedential authority in this Circuit that addresses whether an FLSA plaintiff may be required to pay his attorney more than the Court determines is a reasonable fee under the statute because the plaintiff has entered into a contingent fee agreement with his counsel.

In *Venegas v. Mitchell*, 495 U.S. 82 (1990), the Supreme Court addressed whether the fee-shifting provisions of 42 U.S.C. § 1988 for prevailing civil rights plaintiffs operated as an upper bound on what the plaintiff was obligated to pay his attorney pursuant to a contingency fee agreement. The Court found that the statute did not regulate what plaintiffs may promise to pay their attorneys, nor was there anything in the legislative history that suggested that Congress intended § 1988 to limit civil rights plaintiffs' ability to contract with their attorneys. *Id*. at 86-87. The Court reasoned that if civil rights plaintiffs could waive their causes of action entirely, "there is little reason to believe that

they may not assign part of their recovery to an attorney if they believe that the contingency arrangement will increase their likelihood of recovery." *Id*. at 88. The Court concluded that the statute did not impose a ceiling on compensation, and that parties could contract for contingency fees or hourly rates in excess of what would be a reasonable fee under the statute. *Id*. at 90.

Unlike Section 1988, a plaintiff cannot waive a cause of action under the FLSA unless the settlement is approved by the Court or the Secretary of Labor. The FLSA was enacted in 1938 in order to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers. . . ." 29 U.S.C. § 202(a). Several courts have recognized that Congress intended that a successful FLSA plaintiff would recoup his attorneys' fees and costs from the employer, without incurring any additional obligation to pay fees or costs. This issue first arose in 1946 in a case before the Fourth Circuit, which found that "[o]bviously Congress intended that the wronged employee should receive his full wages plus the penalty *without incurring any expense for legal fees or costs*." *Maddrix v. Dize,* 153 F.2d 274, 275-76 (4th Cir. 1946) (emphasis added). *See also United Slate, Tile and Composition Roofers, Damp and Waterproof Workers*, 732 F.2d 495, 502 (6th Cir. 1984) (citing *Maddrix* with approval); *Skidmore v. John J. Casale, Inc.*, 160 F.2d 527, 531 (2d Cir. 1947) ("We have considerable doubt as to the validity of the contingent fee agreement; for it may well be that Congress intended that an employee's recovery should be net, and that therefore the lawyer's compensation should come solely from the employer."); *Burke v. Mesta Mach. Co.*, 79 F. Supp. 588, 615 (W.D. Pa. 1948) ("Any agreement between the plaintiffs and their counsel for an additional fee on a contingent basis, or any other understanding, would be contrary to the purpose of Congress to have the employee collect and return unpaid wages and liquidated damages.").

Because the FLSA was intended to provide workers with the full compensation they are due under the law, requiring a plaintiff to pay his or her attorney a fee in addition to what the Court determines is a reasonable fee for the attorneys' services in contrary to Congressional intent. The Court finds no reasonable basis to distinguish between a plaintiff who prevails through settlement from one who prevails at trial. The Court has discretion to determine what is a reasonable fee for an attorney's services, regardless of any contract between a plaintiff and his attorney. *See United Slate*, 732 F.2d at 504. Moreover, the Court has broad equity powers to supervise collection of attorneys' fees pursuant to contingency fee contracts. *See, United States ex rel. Taxpayers Against Fraud v. Gen. Elec. Co.*, 41 F.3d 1032, 1048 (6th Cir. 1994). The Court, therefore, will determine what is a reasonable fee and will find any contingency fee agreement that requires an additional payment to be unenforceable. *See, e.g., Chandris, S.A. v. Yanakakis*, 668 So.2d 180, 185 (Fla. 1995) ("A contract that contravenes an established interest of society can be found to be void as against public policy."); *Local No. 234 of United Ass'n of Journeymen and Apprentices v. Henley & Beckwith, Inc.*, 66 So.2d 818, 823 (Fla.1953) (contract provisions which violate public policy underlying a statute can be void); *Stewart v. Stearns & Culver Lumber Co.*, 56 Fla. 570, 587 (1908) ("Contracts or agreements that violate the principles of public policy designed for the public welfare are illegal, and will not in general be enforced by the courts. . . .").

## II.  APPLICATION

Plaintiff's answers to the Court's interrogatories state that he claimed unpaid overtime in the amount of $18,216, exclusive of liquidated damages and attorneys' fees. Docket 13 at 2. Defendant contended that Plaintiff performed the duties of an outside salesperson, which is exempt from overtime payments under the FLSA. Docket 37 at 2. Plaintiff conceded that a portion of his duties

were those of an outside salesperson and that the exemption applied to those duties. *Id*. Although Defendant contended Plaintiff had no entitlement to overtime compensation, it agreed to pay a total amount of $20,000 to resolve the case and avoid further defense costs. *Id*. The written agreement between the parties specified that the Defendant's payment would be split by paying $14,000 to Plaintiff and $6,000 to his attorney.

Plaintiff's counsel submitted a billing statement documenting his work on the case. With few exceptions, the work for which Plaintiff's counsel seeks to recover fees is appropriate. Some of the entries, however, were for strictly administrative tasks and are not recoverable.[2] The Court finds that 19 hours spent by Plaintiff's counsel and .5 hours spent by his paralegal were reasonably expended. Although not listed on the billing statement, the Court also finds that counsel's time spent traveling to and from Daytona Beach for the hearing on the motion and the time spent arguing the motion should be compensated. The Court estimates two hours for travel time and .5 hours for the hearing.

If Plaintiff's counsel received $8,000 in fees for 21.5 hours of attorney work, that would be equivalent to an hourly rate of approximately $372. Contrary to *Norman*, Plaintiff's counsel did not "supply the court with specific and detailed evidence from which the court can determine the reasonable hourly rate." *Norman,* 836 F.2d at 1303. The Court, therefore, acts as an expert to determine counsel's reasonable billing rate. Plaintiff's counsel represented that he was a relatively new practitioner before the Court and the Court finds that counsel's performance is consistent with

---

[2] See entries for 6/26/06, "file set up fee;" 8/23/06, "conducted telephone conference with [opposing counsel's] assistant regarding setting up future telephone conference; 8/31/06, "forwarded by telefax copy of [client's] business card to [opposing counsel]"; 10/30/06, "received telephone call from [opposing counsel's] office requesting to start mediation earlier than previously scheduled;" 10/30/06, "received follow-up telephone call from [opposing counsel] confirming her availability to conduct mediation. . . ." Docket 27-2.

that of a less experienced attorney. An hourly equivalent of $372 per hour is not a reasonable rate for Plaintiff's counsel in this case.

The Court next considers the hourly rates set forth in Plaintiff's counsel's billing statement. Plaintiff's counsel seeks compensation at the rate of $350 per hour, with the exception of one entry listed at $175 per hour. Docket 27-2 at 2. Plaintiff's counsel cited the case of *Dail v. George A. Arab Inc.*, 391 F. Supp. 2d 1142 (M.D. Fla. 2005), in support of his argument that $350 per hour is a reasonable hourly rate. That case involved a claim for fees in the amount of $250 for a third year attorney and $350 per hour for the lead attorney, which Judge Glazebrook stated "may exceed the reasonable hourly rate in the Orlando market for similar work performed by attorneys with similar qualifications and experience. . . ." *Id.* at 1147. Judge Glazebrook, however, found it unnecessary to inquire into the reasonableness of the hourly rate based on the parties' stipulation as to the reasonableness of fees and costs. *Id.*

Unlike the *Dail* case, there is no stipulation by the parties as to a reasonable hourly rate. Acting as an expert, the Court finds that no more than $200 per hour is a reasonable hourly rate for Plaintiff's counsel for the legal work done in this case. Based on a lodestar calculation, the Court determines that $4,340.00 is a reasonable fee for Plaintiff's counsel's services.[3]

With respect to costs, postage and telefax charges are not recoverable pursuant to 28 U.S.C. § 1920. Fees for photocopies are recoverable only to the extent they are necessarily obtained for use in the case. 28 U.S.C. § 1920(4). As Plaintiff provides no information about whether the copies were necessarily obtained for use in the case (as opposed to administrative purposes), the copy costs are

---

[3] Counsel's reasonable hours of 21.5 x $200/hour = $4,300.00, plus paralegal's reasonable hours of .5 x $80/hour = $40.

not recoverable. Recoverable costs, therefore, are limited to $370 for the filing fee and service of process fee.

**IT IS RECOMMENDED THAT**

1. The Court find the payment by Defendant of $20,000 is a fair and reasonable settlement of a *bona fide* dispute;

2. The Court find that reasonable fees for Plaintiff's counsel equals $4,300.00, and recoverable costs equal $370.

3. The Court **GRANT** the motion to dismiss with prejudice and direct the Clerk to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on May 14, 2007.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

The Honorable Anne C. Conway